UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

STEPHANIE SINGER,

    Plaintiff,

v.

METROPOLITAN LIFE INSURANCE
COMPANY,

    Defendant.
_____)

## COMPLAINT

The Plaintiff, STEPHANIE SINGER ("SINGER"), by and through her undersigned counsel, hereby sues METROPOLITAN LIFE INSURANCE COMPANY ("METLIFE"), and alleges as follows:

### JURISDICTION, VENUE AND PARTIES

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court original jurisdiction to determine claims under 29 USC §§ 1001 et seq. SINGER brings this action to recover long-term disability ("LTD") benefits due to her under the terms of an employee welfare benefit plan, to enforce her rights under the plan and to clarify her rights to benefits under the terms of the plan.

2. SINGER was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. METLIFE is a corporation with its principal place of business in the State of New York, authorized to transact and is transacting business in the Southern District of Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, METLIFE, is authorized to and is doing business within the Southern District of Florida and "may be found" in the Southern District of Florida.

## FACTUAL ALLEGATIONS

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to SINGER by METLIFE.

6. SINGER was at all times material an employee of Verizon Wireless.

7. SINGER was at all times material a plan participant under the Verizon Wireless Long Term Disability Plan (the "LTD Plan"), issued by METLIFE to Verizon Wireless and pursuant to which SINGER is entitled to benefits.

8. The LTD Plan is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. METLIFE is the insurer of benefits under the LTD Plan and was the Plan Administrator or was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Plan and for deciding any appeals of denied claims.

10. As the decision maker and payer of plan benefits, METLIFE administered the claim with a conflict of interest and the bias this created affected the claims determination. As such, METLIFE is not entitled to a deferential standard of review.

11. Pursuant to the terms and conditions of the LTD Plan, SINGER is entitled to LTD benefits for the duration of her disability, for so long as she remains disabled as required under the terms of the LTD Plan.

12. According to the LTD Plan,

> "**Disabled** or **Disability** means that, due to Sickness or as a direct result of accidental injury:
>
> • You are receiving Appropriate Care and Treatment and complying with the requirements of such treatment; and
>
> • You are unable to earn:
>
> • during the Elimination Period and the next 24 months of Sickness or accidental injury, more than 80% of Your Predisability Earnings at Your Own Occupation from any employer in Your Local Economy; and
>
> • after such period, more than 60% of your Predisability Earnings from any employer in Your Local Economy at any gainful occupation for which You are reasonably qualified taking into account Your training, education and experience."

13. Since approximately May 8, 2013, SINGER has been disabled under the terms of the LTD Plan.

14. Shortly after becoming disabled, SINGER made a claim to METLIFE under the LTD Plan for disability benefits.

15. METLIFE initially approved and paid SINGER's LTD benefits from November 19, 2013 through November 18, 2015.

16. Initially, by letter dated November 2, 2015, METLIFE denied SINGER's continued claim for benefits and informed her that it would no longer pay her LTD benefits beyond November 18, 2015. METLIFE would later send a second letter dated December 22, 2015 that it termed an updated termination letter.

17. SINGER timely and properly appealed each of METLIFE's denial letters.

18. By letter dated September 6, 2016, METLIFE affirmed its previous decisions to deny SINGER's LTD claim for disability benefits and informed SINGER that the administrative remedies had been exhausted.

19. At all relevant times, SINGER complied with all conditions precedent and exhausted all

required administrative remedies under the LTD Plan.

20. At all relevant times, due to sickness or as a direct result of accidental injury, SINGER has been receiving Appropriate Care and Treatment and complying with the requirements of such treatment and has been unable to earn more than 80% of her Predisability Earrings at her Own Occupation from any employer in her Local Economy.

21. At all relevant times, due to sickness or as a direct result of accidental injury, SINGER has been receiving Appropriate Care and Treatment and complying with the requirements of such treatment and has been unable to earn more than 60% of her predisability earnings from any employer in her local economy at any gainful occupation which she is reasonably qualified for taking into account her training, education, and experience.

22. At all relevant times, SINGER was a Covered Person under the LTD Plan.

23. From November 19, 2015 through the present date, SINGER has not received benefits owed to her under the LTD Plan, despite SINGER's right to these benefits.

24. METLIFE has refused to pay SINGER's LTD benefits since November 18, 2015.

25. At all relevant times, METLIFE was the payer of benefits.

26. At all relevant times, METLIFE was the "Insurance Company" identified throughout the LTD Plan.

27. At all relevant times, METLIFE was the Plan Administrator or was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Plan and for deciding any appeals of denied claims.

28. At all relevant times, SINGER has been and remains Disabled and entitled to LTD benefits from METLIFE under the terms of the LTD Plan.

29. SINGER has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

## CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)

30. SINGER incorporates Paragraphs 1 through 29 as if fully set forth herein.

31. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B)

32. Pursuant to 29 U.S.C. §1132(a)(1)(B), SINGER, as a participant under the LTD Plan, is entitled to sue for judicial determination and enforcement of benefits.

33. SINGER has no other adequate remedy at law to address the injuries she has suffered and will continue to suffer as a result of METLIFE's failure to pay her disability benefits.

34. SINGER has exhausted all administrative remedies under the LTD Plan.

35. Defendant breached the LTD Plan and violated ERISA in the following respects:

   (a) Failing to pay LTD benefit payments to SINGER at a time when METLIFE knew, or should have known, that SINGER was entitled to those benefits under the terms of the LTD Plan, as SINGER was disabled and unable to work and therefore entitled to benefits.

   (b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the termination of SINGER's claim for LTD benefits;

   (c) After SINGER's claim was terminated in whole or in part, METLIFE failed to adequately describe to SINGER any additional material or information necessary for SINGER to perfect her claim, along with an explanation of why such material is or was necessary.

        (d)      METLIFE failed to properly and adequately investigate the merits of SINGER's disability claim and failed to provide a full and fair review of SINGER's claim.

36. SINGER believes and thereon alleges that METLIFE wrongfully terminated her claim for disability benefits under the LTD Plan by other acts or omissions of which SINGER is presently unaware, but which may be discovered in this future litigation and which SINGER will immediately make METLIFE aware of once said acts or omissions are discovered by SINGER.

37. Following the termination of benefits under the LTD Plan, SINGER exhausted all administrative remedies required under ERISA, and SINGER has performed all duties and obligations on her part to be performed under the LTD Plan.

38. As a proximate result of the aforementioned wrongful conduct of METLIFE, SINGER has damages for loss of disability benefits in a total sum to be shown at the time of trial.

39. As a further direct and proximate result of this improper determination regarding SINGER's claim for benefits, SINGER, in pursuing this action, has been required to incur attorneys' costs and fees.  Pursuant to 29 U.S.C. § 1132(g)(1), SINGER is entitled to have such fees and costs paid by METLIFE.

40. The wrongful conduct of METLIFE has created uncertainty where none should exist; therefore, SINGER is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the terms of the LTD Plan.

## REQUEST FOR RELIEF

WHEREFORE, STEPHANIE SINGER prays for relief against METROPOLITAN LIFE INSURANCE COMPANY as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: February 9, 2017

> ATTORNEYS DELL AND SCHAEFER, CHARTERED
> Attorneys for Plaintiff
> 2404 Hollywood Boulevard
> Hollywood, FL 33020
> (954) 620-8300
>
> *S/ Alexander A. Palamara*
> ALEXANDER A. PALAMARA, ESQUIRE
> Florida Bar No: 0037170
> Email: alex@diattorney.com
> GREGORY MICHAEL DELL, ESQUIRE
> Florida Bar No: 299560
> Email: gdell@diattorney.com